| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Robertson, Anschutz & Schneid, P.L.**<br>6409 Congress Ave., Suite 100<br>Boca Raton, FL 33487<br>Telephone Number 561-241-6901<br>Attorneys For Secured Creditor<br><br>Miriam J. Rosenblatt (MR – 7505) | CASE NO.: 17-13089-CMG<br><br>CHAPTER 13<br><br><br><br>**RESPONSE TO DEBTORS' RESPONSE TO OPPOSITION TO DEBTORS' MOTION OBJECTING TO AND MODIFYING PROOF OF CLAIM** |
| In Re:<br><br>SCOTT GOBEL<br>MICHELE GOBEL,<br><br>        Debtors. | |

Wells Fargo Bank, National Association, as Trustee for Option One Mortgage Loan Trust 2007-1, Asset-Backed Certificates, Series 2007-1 (the "Secured Creditor"), respectfully submits this Response to Debtors' Response to Opposition to the Debtors' Motion Objecting to and Modifying Proof of Claim (the "Debtors' Motion"), as follows:

1.      On October 08, 2017, the debtors filed a Certification of Counsel in Response to Opposition to Motion Objecting to POC, alleging unexplained claims, escrow shortage duplicates, RESPA allegations, and other fee disputes. (Docket No. 21)

2.      The Proof of Claim filed by Secured Creditor on July 5, 2017, as Claim No. 14-1, was timely filed, as it was filed on the Claims Bar Date.

3.      The timely Proof of Claim contained no charged post-petition fees. All invoices are dated pre-petition. The post-petition dates were merely the dates that they were booked into Secured Creditor's system.

4.      As for the escrow shortage breakdown, the escrow documents were provided in pages numbered 32 through 42 in the Proof of Claim, which encompasses a detailed explanation and breakdown of the claim.

5.      The debtors also claim that Secured Creditor failed to itemize the pre-petition arrearages into months. However, this breakdown is not required. Secured Creditor is simply required to show accounting from the first date the loan went into default, which is exactly what was done in the Proof of Claim.

6.      Debtors are also asserting that Secured Creditor is attempting to claim an amount of post-petition projected potential shortage in escrow that will occur months after the debtors' bankruptcy filing.

7.      However, as of the bankruptcy filing date, the Debtors' did in fact have an escrow shortage of $5,630.57, of which funds were advanced by Secured Creditor.

8.      Section 10 of the Real Estate Settlement Procedures Act ("RESPA") discusses escrow shortages and sets limits on the amount of money a lender may require the borrower to hold in an escrow account for payment of taxes, insurance, etc.

9.      Section 10 of RESPA states in pertinent part that, each month the lender may require a borrower to pay into the escrow account no more than 1/12 of the total of all disbursements payable during the year, plus an amount necessary to pay for any shortage in the account. In addition, the lender may require a cushion, not to exceed an amount equal to 1/6 of the total disbursements for the year. Also, the lender must perform an escrow account analysis once during the year and notify borrowers of any shortage. See 12 *U.S.C. §2609*

10.     Additionally, Section 10 of RESPA states that, if the escrow account analysis discloses a deficiency, then the servicer may require the borrower to pay additional monthly deposits to the account to eliminate the deficiency. If the deficiency to exist and do nothing to

change it; may require the borrower to repay the deficiency within 30 days; or may require the borrower to repay the deficiency in two or more equal monthly payments. *Id.*

11. Attached to Secured Creditor's Proof of Claim is an Escrow Account Disclosure Statement, which clearly sets forth the Pre-Petition Escrow Shortage amount of $5,630.57 as calculated according to the requirements of Section 10 of RESPA.

12. Although Secured Creditor may use the projected escrow shortage amount for disbursements "post-petition," Secured Creditor has the right to require these amounts at the time of the bankruptcy filing, per Section 10 of RESPA, to prevent the escrow account from being overdrawn.

13. Therefore, since the projected escrow shortage of $5,630.57 is a pre-petition arrearage, Secured Creditor is entitled to include the projected escrow shortage amount in its Proof of Claim.

14. Finally, there is no "double dipping issue," as Secured Creditor maintains a "bankruptcy escrow" component in its system, which adds the shortage contained in the Proof of Claim to the escrow account until it is paid within the plan, or Debtor receives their discharge.

15. The Secured Creditor respectfully reserves the right to supplement and amend this response with additional information and documentation.

[This portion is intentionally left blank.]

**WHEREFORE**, Secured Creditor respectfully requests this Court deny the relief sought in the Debtors' Motion Objecting to and Modifying Proof of Claim and for such other and further relief as the Court may deem just and proper.

Dated: December 6, 2017

    Robertson, Anschutz & Schneid, P.L.
    Attorney for Secured Creditor
    6409 Congress Ave., Suite 100
    Boca Raton, FL 33487
    Telephone Number 561-241-6901

    By: /s/Miriam J. Rosenblatt
    Miriam J. Rosenblatt, Esquire
    NJ Bar Number  MR - 7505
    Email: mrosenblatt@rasflaw.com

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Robertson, Anschutz & Schneid, P.L.**<br>6409 Congress Ave., Suite 100<br>Boca Raton, FL 33487<br>Telephone Number 561-241-6901<br>Attorneys For Secured Creditor<br><br>Miriam J. Rosenblatt (MR – 7505) | CASE NO.: 17-13089-CMG<br><br>CHAPTER 13<br><br><br>**RESPONSE TO DEBTORS' RESPONSE TO OPPOSITION TO DEBTORS' MOTION OBJECTING TO AND MODIFYING PROOF OF CLAIM** |
| In Re:<br><br>SCOTT GOBEL<br>MICHELE GOBEL,<br><br>    Debtors. | |

## CERTIFICATION OF SERVICE

1. I, Miriam J. Rosenblatt, represent Wells Fargo Bank, National Association, as Trustee for Option One Mortgage Loan Trust 2007-1, Asset-Backed Certificates, Series 2007- in this matter.

2. On December 6, 2017, I caused a copy of the following pleadings and/or documents to be sent to the parties listed in the chart below. RESPONSE TO DEBTORS' RESPONSE TO OPPOSITION TO DEBTORS' MOTION OBJECTING TO AND MODIFYING PROOF OF CLAIM.

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated: December 6, 2017

>Robertson, Anschutz & Schneid, P.L.
>Attorney for Secured Creditor
>6409 Congress Ave., Suite 100
>Boca Raton, FL 33487
>Telephone Number 561-241-6901
>
>By: /s/Miriam J. Rosenblatt
>Miriam J. Rosenblatt, Esquire
>NJ Bar Number  MR - 7505
>Email: mrosenblatt@rasflaw.com

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Scott Gobel<br>Michele Gobel<br>78 Vacari Way<br>Little Egg Harbor, NJ 08087 | Debtors | [ ] Hand-delivered<br>[x] Regular mail<br>[ ] Certified Mail/RR<br>[ ] E-mail<br>[ ] Notice of Electronic Filing (NEF)<br>[ ] Other<br>_____<br>(as authorized by the court*) |
| Abelson Law Offices<br>Steven J. Abelson<br>80 West Main Street  PO Box 7005<br>Freehold, NJ 07728 | Attorney for Debtors | [ ] Hand-delivered<br>[x] Regular mail<br>[ ] Certified Mail/RR<br>[ ] E-mail<br>[x] Notice of Electronic Filing (NEF)<br>[ ] Other<br>_____<br>(as authorized by the court*) |
| ALBERT RUSSO<br>Chapter 13 Trusee<br>CN 4853<br>TRENTON, NJ 08650-4853 | Trustee | [ ] Hand-delivered<br>[x] Regular mail<br>[ ] Certified Mail/RR<br>[ ] E-mail<br>[x] Notice of Electronic Filing (NEF)<br>[ ] Other<br>_____<br>(as authorized by the court*) |
| U.S. TRUSTEE<br>ONE NEWARK CENTER STE 1401<br>NEWARK, NJ 07102 | U.S. TRUSTEE | [ ] Hand-delivered<br>[x] Regular mail<br>[ ] Certified Mail/RR<br>[ ] E-mail<br>[x] Notice of Electronic Filing (NEF)<br>[ ] Other<br>_____<br>(as authorized by the court*) |